IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Alex Ibarra Torres,<br><br>    Defendant. | CR 09-01733-TUC-JMR(JCG)<br><br>**REPORT AND RECOMMENDATION**<br>Re: Motion to Sever |

Before the Court is a Motion to Sever filed by Defendant Alex Ibarra Torres ("Torres") on October 19, 2009. (Doc. No. 18.) The government filed Responses to the Motion on November 3, 2009 (Doc. No. 21) and November 6, 2009. (Doc. No. 23.) Defendant Torres supplemented his Motion on March 13, 2010. (Doc. No. 64.) The government provided supplemental briefing on March 15, 2010. (Doc. No. 65.) Co-defendant John Geoffrey Ibarra ("Ibarra") joined in the Motion to Sever on March 15, 2010. (Doc. No. 66.) Defendant Torres' Motion to Sever seeks to sever Defendant Torres' trial from the trial of co-defendant Ibarra pursuant to *Bruton v. United States*, 391 U.S. 123 (1968). Having now considered the matter, the Magistrate Judge recommends that the District Court, after its independent review, grant Defendant Torres' Motion to Sever.

## Background

On March 9, 2009, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") agents received information that Ibarra had purchased several handguns in multiple sales

transactions involving more than one handgun at a time. ATF agents discovered that between August 9, 2008 and March 12, 2009, Ibarra had purchased a total of 25 handguns. For each transaction, Ibarra completed the required paperwork, Form 4473, and represented on that Form that he was purchasing the firearms for himself and not on behalf of another.

On April 28, 2009, ATF agents interviewed Ibarra, who admitted to buying the handguns for his cousin, Defendant Torres. Ibarra stated that Torres was prohibited from purchasing firearms, and so paid Ibarra $100 per gun. According to Ibarra, he would pick up money from Torres and receive instructions from Torres regarding what type of firearms to purchase, then purchase the firearms and take them directly to Torres. Ibarra admitted to purchasing between 22 and 32 handguns on Torres' behalf. Ibarra told the agents that Torres was providing the guns to a "guy." Agents interviewed Ibarra again on April 30, 2009, at which time Ibarra made consistent statements regarding his purchase of the firearms. Ibarra also told agents on April 30, 2009 that he had called Torres on April 28, 2009 to let him know that Ibarra had been interviewed by ATF agents.

ATF agents interviewed Torres on April 30, 2009. Torres admitted that he had Ibarra buy pistols for him to sell to a man named "Manuel." Torres told the agents that he took gun orders from Manuel, then called Ibarra and told Ibarra which guns to purchase. Torres stated he could not purchase the guns himself because he was prohibited. Torres stated that he received money from Manuel, gave it to Ibarra for the purchase of firearms, then received the firearms from Ibarra and sold them to Manuel for $300 over the retail price. Torres also stated that he paid Ibarra between $100 and $150 for purchasing each firearm. Agents interviewed Torres again on May 14, 2009. Torres made additional statements consistent with those he had made on April 30, 2009.

Torres moved to suppress his statements. The Motion was denied. (Doc. 56.)

**Motion to Sever**

Rule 14, Fed. R. Crim. P., provides that the Court may grant a severance if a defendant is prejudiced by a joinder of offenses or of defendants. Generally speaking, defendants jointly charged are to be jointly tried. *See United States v. Escalante*, 637 F.2d

1197, 1201 (9th Cir. 1980). However, a defendant is deprived of his rights under the Confrontation Clause when his co-defendant's incriminating confession is introduced at their joint trial, even if the jury is instructed to consider that confession only against the co-defendant. *See Bruton v. United States*, 391 U.S. 123 (1968).

In the present case, if the Ibarra's statements are admitted, Torres would be unable to cross-examine Ibarra at trial if Ibarra refuses to take the stand, thereby violating Torres' right to confrontation. Similarly, Ibarra would be unable to cross-examine Torres at trial if Torres refuses to take the stand, thereby violating Ibarra's right to confrontation.[1] Contrary to the government's assertion, the fact that each defendant also made an admissible confession which conforms to his codefendant's confession does not mitigate the violation of the defendants' Sixth Amendment rights. *See Cruz v. New York*, 481 U.S. 186, 193 (1987) ("where a nontestifying codefendant's confession incriminating the defendant is not directly admissible against the defendant, the Confrontation Clause bars its admission at their joint trial, even if the jury is instructed not to consider it against the defendant, and *even if the defendant's own confession is admitted against him*" (emphasis added)).

The government contends that any Confrontation Clause issues presented by admission of Ibarra's confession can be remedied by redacting from the confession any reference to Torres. To that end, the government proposes that Ibarra's statements be redacted to eliminate any identification of Torres and to replace Torres' name with a neutral pronoun or the term "another individual."

While the United States Supreme Court has held that "the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when . . . the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence," the Court expressly declined to extend its holding

---

[1] Co-defendant Ibarra previously suggested that severance may also be warranted due to a potential conflict that arose at the outset of the case when counsel for Torres met with and assisted both defendants in a joint voluntary surrender. *See* Notice of Defendant Ibarra's Position as to Severance (Doc. No. 24.) However, as original counsel for Torres has been replaced with new counsel, this potential conflict is no longer an issue.

to "the admissibility of a confession in which the defendant's name has been replaced with a symbol or neutral pronoun." *Richardson v. Marsh*, 481 U.S. 200, 211 & n.5 (1987). The Supreme Court later clarified the protections of *Bruton* and *Richardson*, holding that "the mere removal of a codefendant's name from a statement that obviously refers to the defendant, does not insulate the statement from *Bruton* scrutiny." *Gray v. Maryland,* 523 U.S. 185, 193-96 (1998). The Ninth Circuit has interpreted *Gray* as clarifying that "the substitution of a neutral pronoun or symbol in place of the defendant's name is not permissible if it is obvious that an alteration has occurred to protect the identity of a specific person." *United States v. Peterson*, 140 F.3d 819, 822 (9th Cir. 1998).

With the guidance of *Richardson*, *Gray* and *Peterson* in mind, the Magistrate Judge concludes that the redaction proposed by the government would not sufficiently protect Torres' rights under the Confrontation Clause. There are only two co-defendants in this case, both of whom have been indicted on charges of engaging in the business of dealing firearms without a license in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D) and making a false statement during purchase of firearms in violation of 18 U.S.C. §§ 924(a)(1)(A) and 2(a). Ibarra's confession would amount to testimony that Ibarra had been given money by "an individual" and used the money to purchase guns which he then returned to "that same individual," who could not purchase the guns because he was a prohibited possessor. Ibarra's confession would also include his statement that this "individual" was purchasing the guns for someone else, and that Ibarra had told this "individual" that he (Ibarra) had been interviewed by ATF agents. Even with the neutral pronoun inserted for Torres' name, Ibarra's confession would make clear that Ibarra "was pointing an accusatory finger at someone and it [would not be] difficult for the jury to determine that that person was the other defendant on trial." *United States v. Peterson*, 140 F.3d 819, 822 (9th Cir. 1998). *See also United States v. Mayfield*, 189 F.3d 895 (9th Cir. 1999) (holding that admission of co-defendant's confession at trial violated defendant's Confrontation Clause rights even though the confession redacted reference to co-defendant in favor of the term "an

1 individual," because other evidence presented at trial made clear that the defendant was the
2 "individual" referenced in the confession).

3 Nor can the Court perceive of any way in which Ibarra's confession could be redacted
4 so as to avoid any mention of Torres, as permitted by *Richardson*. In the present case,
5 Ibarra's involvement in the gun purchases began and ended with his transactions with
6 Torres.[2] Accordingly, the Magistrate Judge concludes that Defendant Torres' Motion to
7 Sever should be GRANTED.

## RECOMMENDATION

In view of the foregoing, it is recommended that, after its independent review of the record, the District Court: GRANT Defendant Torres' Motion to Sever (Doc. No. 18).

The parties have fourteen (14) days to serve and file written objections to the Report and Recommendation. The parties are advised that any objections should be filed with the following caption: **CR 09-1733-TUC-JMR**.

DATED this 14th day of April, 2010.

Jennifer C. Guerin
United States Magistrate Judge

---

[2] Ibarra's Notice of Joinder was filed subsequent to the government's responses. Presumably the government would advance the same arguments regarding the admission of Torres' confession with respect to Ibarra. For the same reasons, those arguments would not be persuasive.